Joseph L. Richardson Esq. (SBN #212206)
**MCCUNE LAW GROUP**
3281 East Guasti Road, Suite 100
Ontario, CA 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
Email: jlr@mccunewright.com

Attorneys for Plaintiff,
DEVIN RICHMOND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN RICHMOND;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RIVERSIDE, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | **COMPLAINT OF PLAINIFF DEVIN RICHMOND FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

　　　　COMES NOW, the Plaintiff, DEVIN RICHMOND (sometimes "Plaintiff' or "RICHMOND"), and for his causes of action against the Defendants and each of them allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Venue is proper in this Court under 28 U.S.C. § 13 91 (b) because

Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

2. Plaintiff has been damaged in an amount in excess of the jurisdictional amount of this Court.

## THE PARTIES

3. Plaintiff, DEVIN RICHMOND (sometimes referred to as "RICHMOND" or "Plaintiff), was and is a resident of the County of Riverside, State of California. During the entire period of time at issue in this lawsuit, PLAINTIFF resided in Riverside County, State of California.  Plaintiff is an African-American (Black) male.

4. Defendant, CITY OF RIVERSIDE (hereinafter "CITY" or "Defendants"), was a public entity duly organized and existing under the laws of the State of California. The RIVERSIDE Police Department, ("RPD"), is a division of CITY. CITY is the proper defendant as to claims against RPD, or against individuals acting in the course and scope of their employment with RPD. RPD and City of RIVERSIDE are, for purposes of this complaint, therefore sometimes collectively referred to herein as CITY.

5. Defendants DOES 1-25 were at all times mentioned herein, employed by the City of RIVERSIDE, as police officers for RPD and were acting within the course and scope of their employment with CITY and under color of law. On information and belief, DOES 1-25 were residents of the County of RIVERSIDE and the Central District.

6. Plaintiff is informed and believes and, on that basis, alleges that at all times and places mentioned herein each Defendant was the agent, representative and/or employee of each of the remaining Defendants, and was acting within the course and scope of said agency, representation and/or employment.

7. Plaintiff has complied with the California Tort Claims Act, California Government Code Sections 910 et seq. The claim was served on November 1, 2023.

8. The events giving rise to this complaint occurred in the City of RIVERSIDE, County of RIVERSIDE, State of California.

## FACTUAL ALLEGATIONS

9. On March 5, 2023, between 7:30 p.m. and 8:00 p.m., RICHMOND, a man of color, had just left a Bible study he attended with friends. While at the intersection of University and Franklin, City of Riverside, RICHMOND made a U-turn, when he was pulled over by RPD.

10. RICHMOND asked the RPD officers why they were pulling him over and RPD told RICHMOND he made an illegal U-turn. The RPD officers told RICHMOND to get out of the vehicle as they had reason to believe RICHMOND was under the influence of methamphetamine or cocaine.

11. RICHMOND asked what would make RPD believe he was under the influence of those two specific drugs, and RPD told him they received extensive training on behaviors of people under the influence. RICHMOND advised the RPD officers he has never taken those drugs and asked that they conduct a blood test. The RPD officers placed him in handcuffs and told him they were going to search his vehicle.

12. At this time, RICHMOND's friends who were at bible study with him, recognized his vehicle and pulled over to observe the arrest. After conducting a thorough search of RICHMOND's vehicle, the RPD officers said they did not find anything but told RICHMOND he was still being arrested. RPD officers refused to tell RICHMOND about the charge for his arrest.

13. The RPD police officers took RICHMOND to the precinct, and he was placed in the "sober tank". RPD Officer Brecel, who was monitoring the tanks, said it was obvious RICHMOND was not under the influence and moved him to the release tank. RPD conducted a blood test but again refused to tell RICHMOND his results, released him and told him he is ordered to appear in court on June 14, 2023.

14. In light of the facts set forth above, RICHMOND is informed and believes and thereon alleges that his arrest was racially motivated because he is Black. Therefore he is a victim of civil rights violations by City of Riverside and RPD Police Officers.

## FIRST CAUSE OF ACTION

### Against All Defendants

### (Unreasonable Search and Seizure-4th Amendment)

15. Plaintiff incorporates and re-alleges each allegation set forth above as if fully set forth herein.

16. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. Any use of force beyond this is unreasonable and a violation of law.

17. As alleged above, Defendants DOES 1-25 detained and handcuffed and arrested Plaintiff without good cause, or any legal justification whatsoever. More, it occurred after RICHMOND allowed RPD to search his vehicle under RPD's false assumption RICHMOND was under the influence of drugs, when there was truly no probable cause to assume any drug use that would have allowed RPD to lawfully search and detain RICHMOND. In effect, RICHMOND was profiled by RPD based on his race when they

incorrectly used their training to assume RICHMOND was on drugs in order to search his vehicle and arrest him.

18. The acts of CITY in making said unreasonable search and seizure were intentional, and were unreasonable. There was no warrant, no probable cause, and the search was not incident to a legal arrest. In addition, to search and seizure of his person, Plaintiff suffered the unreasonable search and seizure of his vehicle.

19. It would have been prudent for RPD officers to have taken into account the administered blood test proving RICHMOND had no drugs in his system. Yet, they arrested him and placed him in a holding cell without probable cause.

20. As a direct result of the conduct of defendants, RICHMOND has suffered with economic and noneconomic damages in a sum according to proof at time of trial and in excess of the minimum jurisdiction of this court. Furthermore, RICHMOND endured shock, anxiety, and severe emotional distress due to Defendants' actions.

## SECOND CAUSE OF ACTION

**(Against All Defendants)**

**(Violation of 42 U.S.C. §1983)**

**[Deprivation of Due Process Rights Under the 14th Amendment]**

21. Plaintiff RICHMOND realleges and incorporates by reference all paragraphs of the First Cause of Action as though fully set forth herein.

22. At all times mentioned herein, Defendants CITY and DOES 1-25 and each of them, separately and in concert, acted under color of law, to wit, under the statutes, of the State of California and the ordinances, regulations, customs, orders, protocol, manuals, directives and practices of the CITY and the RPD. Each of the Defendants, separately and

COMPLAINT OF DEVIN RICHMOND

in concert, acted outside of the scope of his or her jurisdiction and without authorization of law, willfully and knowingly, to deprive Plaintiff RICHMOND of his right to freedom from cruel and unusual punishment and from state-occasioned harm, injury, and damage to bodily integrity.

23. The conduct of CITY and DOES 1-25, was in wanton, reckless, willful and malicious disregard for the safety of RICHMOND.

24. As a direct and proximate result of the Defendants' acts and/or omissions in depriving RICHMOND of his rights, privileges and immunities secured to him by the laws of this state and nation, RICHMOND was subjected to hostile discriminatory harassment and has incurred the damages as described herein.

25. Plaintiff alleges that CITY's policies and practices with respect to discriminatory and harassing conduct reflect a deliberate indifference to the safety of citizens of CITY, and of criminal suspects, or those that are otherwise under suspicion enough to be handcuffed, and are so callous and malicious as to show an intent to inflict unnecessary intimidation, humiliation and fear on people, including those they purport to be criminal suspects, or those that are otherwise under suspicion enough to be handcuffed.

26. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, are responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which the Defendants and/or their agents and/or employees committed the aforementioned illegal or wrongful acts. Plaintiff is informed and believes that the conduct of DOES 1-25, who intimidated and harassed Plaintiff, was consistent with the training and the policy set forth by Defendants, CITY through RPD and DOES

1-25, regarding discrimination and discriminatory harassment, and that the use of intimidation and discriminatory harassment is ratified by CITY.

27. CITY is liable for the injuries and damages alleged herein because they knew or should have known of the customs, practices, policies and acts of the RPD officers who caused the injuries to RICHMOND and authorized and acquiesced in the customs, practices, policies and commissions of such acts. Defendants knew or should have known that acts and/or omissions similar to those complained of were likely to occur and that such persons committing such acts and/or omissions had a propensity and a character to commit such acts and/or similar acts.

28. Defendants are responsible for implementing, maintaining, sanctioning and/or condoning a policy, custom or practice under which DOES 1-25 committed the aforementioned illegal or wrongful acts. CITY maintained or permitted an official policy or custom of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. Department of Social Services of City of New York* (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed2d 611, are liable for all injuries sustained by Plaintiff as set forth herein.

29. The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of the CITY, and RPD to the constitutional rights of persons within the city and were the cause of the violations of Plaintiff's rights alleged herein.

//

//

//

**THIRD CAUSE OF ACTION**

**Against All Defendants**

**(Violation of 42 U.S.C. §1983)**

**[Failure to Properly Select, Train, and Supervise]**

30. Plaintiff incorporates and re-alleges each allegation set forth above as if fully set forth herein.

31. At all times mentioned herein, Defendants, including CITY, through RPD, and each of them, were charged with the selection, assignment, discipline, and discharge of officers and employees of said department.

32. At all times material herein, CITY had the power and authority to discharge and reassign sworn personnel of the RPD, including DOES 1 through 25, who were, or were believed to be, emotionally unstable, untrustworthy, and/or prone to the use of unreasonable or excessive force, or who otherwise exhibited tendencies, traits of character, behavior, habits, conduct and/or attitudes which rendered such sworn personnel unfit or undesirable for the positions of law enforcement officers assigned to patrol duties involving the apprehension and arrest of criminal suspects.

33. Plaintiff alleges that on March 5, 2023, Defendants did nothing to ensure that police officers hired by CITY were screened to eliminate those officers who were inclined to use excessive force against citizens and people they purported to be criminal suspects or otherwise under suspicion so as to warrant being detained or handcuffed. Because of this, Plaintiff alleges that Defendants, DOES 1-25, who were hired tended to be more wanton

and reckless with regard to the safety of citizens and criminal suspects than those in other police departments in the State of California generally.

34. Plaintiff alleges that on March 5, 2023, the Defendants, and for some time prior thereto, knew, or in the exercise of reasonable care should have known, that DOES 1-25, had a tendency to use unreasonable and/or excessive force resulting in unwarranted harm to people, including those they purported to be criminal suspects. At all times mentioned herein, Defendants, and each of them, knew or in the exercise of reasonable care should have known that such tendencies were likely to cause unwarranted injury to criminal suspects.

35. Plaintiff alleges that on March 5, 2023, and for some time prior thereto, Defendants, and each of them, promulgated vague and contradictory written policies and procedures that failed to provide officers like DOES 1-25 with meaningful guidance with respect to the use of force and the use of deadly force and racial profiling. The lack of guidance has resulted in indiscriminate actions by DOES 1-25 and police officers of the RPD and resulted in the wrongful discrimination and harassment to RICHMOND.

36. Defendants have failed to implement policies and procedures for the meaningful reporting, monitoring, investigation and disciplining of those police officers like DOES 1-25 who are involved in misconduct.

37. The direct and immediate result of the systemic failure to properly select, train, supervise, investigate and discipline officers resulted in a pattern of racial profiling.

38. By reason of the aforementioned acts and omissions of Defendants CITY through RPD, DOES 1-25 and each of them, Plaintiff, RICHMOND was singled due to his race

(African American) and subjected to intimidation, discriminatory harassment by DOES 1-25.

39. Furthermore, by reason of the aforementioned acts and omissions, Plaintiff, RICHMOND was deprived of his civil and constitutional rights by defendants, thereby injuring Plaintiff as more fully described herein.

## FOURTH CAUSE OF ACTION

## Against Defendants DOES 1-25 Only

## (Intentional Infliction of Emotional Distress)

40. Plaintiff incorporates and re-alleges each allegation set forth above as if fully set forth herein.

41. Plaintiff alleges that on March 5, 2023, Defendants DOES 1-25, subjected Plaintiff to racial profiling, discrimination, harassment, and/or discriminatory and retaliatory policies, based upon his race/ethnicity.

42. In any event, Defendants DOES 1-25 wrongfully and unlawfully, intentionally intimidated and harassed Plaintiff RICHMOND, by searching RICHMOND's vehicle, accusing RICHMOND of drug use, and even upon a negative blood test indicating RICHMOND's sobriety, arresting RICHMOND without cause and subjecting Plaintiff to intimidation and harassment.

43. By reason of the acts and conduct of Defendants DOES 1-25 as aforementioned, Plaintiff was placed in great fear for his life and physical well-being.

44. Defendants DOES 1-25 acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that the conduct in question was directed to Plaintiff and was consistent in nature.

45. Plaintiff suffered severe emotional distress; specifically, this extreme and outrageous conduct caused emotional distress, humiliation, and degradation to Plaintiff. Defendants DOES 1-25's conduct was a substantial factor in causing Plaintiffs severe emotional distress.

46. The aforementioned conduct constitutes fraud, malice, or oppression, thereby entitling Plaintiff to punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by police officers of RPD, at CITY, who authorized, ratified, or approved such conduct.

47. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial, and seek all monetary damages, including but not limited to medical and related expenses, interest, penalties, attorneys' fees and expenses and costs of suit.

**FIFTH CAUSE OF ACTION**

**(Against All Defendants)**

**(Violation of Bain Act-California Civil Code §52.1)**

**[Deprivation of Individual Rights Secured by the Constitution of the United States and the State of California]**

48. Plaintiff incorporates and re-alleges each allegation set forth above as if fully set forth herein.

49. At all times mentioned herein, Defendants and each of them, separately and in concert, acted under color of law, to wit, under the statutes, of the State of California and the ordinances, regulations, customs, orders, protocol, manuals, directives and practices of the CITY and the RPD.

50. Each of the Defendants, separately and in concert, acted outside of the scope of his or her jurisdiction and without authorization of law, willfully and knowingly, to deprive Plaintiff RICHMOND of his right to freedom from cruel and unusual punishment and from state-occasioned harm, injury, and damage to emotional integrity.

51. As a further, direct, and proximate result of the aforementioned conduct of Defendants and each of them, Plaintiff has suffered general and special damages in an amount according to proof at trial.

52. Pursuant to the provisions of California Civil Code §52, Plaintiff is entitled to and demands an award of three times the amount of actual damage suffered by Plaintiff, to be determined according to proof at trial, and such attorney's fees as may be determined by the court in addition thereto.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RICHMOND respectfully requests the following relief:

## ON ALL CAUSES OF ACTION

1. General damages - in an amount to be proven at trial and above the jurisdictional minimums of this court;

2. Special damages - in an amount to be proven at trial;

3. Compensatory damages and nominal damages caused by deprivation of Plaintiff's constitutional rights

4. Punitive damages - against individual Defendants DOES 1 through 25, in an amount to be proven at trial; and

5. Attorney's fees and costs of suit incurred herein, as allowed by statute, and for such other and further relief as the court deems just and proper

Dated:  February 6, 2025                               MCCUNE LAW GROUP

By:_____

Joseph Richardson (SBN 212206)
Lawyers for Plaintiff
DEVIN RICHMOND